IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-HC-2163-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| MICHAEL GREY WHITEROCK, | ) | |
| Respondent. | ) | |

This civil commitment case arising under the Adam Walsh Act, 18 U.S.C. § 4248 ("§ 4248"), comes before the court on respondent's motion (D.E. 53), filed 4 May 2012, for reconsideration of the court's 21 February 2012 Order (D.E. 46) ("Exclusion Order") excluding from the commitment hearing two witnesses identified by respondent: respondent's mother, Alice Boone ("Boone"), and United States Probation Officer Anne Schauder ("Schauder"). The motion is supported by an incorporated memorandum and two letters from respondent's counsel to government's counsel, one dated 17 October 2011 (D.E. 54-1) and the other dated 30 December 2011 (D.E. 54-2). The government filed a memorandum (D.E. 56) in opposition. The motion will be allowed on the terms set forth below.[1]

**I. Boone**

Under the Exclusion Order, the principal basis for exclusion of Boone was the government's representation that respondent did not disclose her timely. The government now candidly acknowledges that respondent did identify her timely in his initial witness disclosures, which were

---

[1] The disposition of the motion, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing and the authority of the presiding District Judge over such proceedings.

set out in his counsel's 17 October 2011 letter. The failure by respondent to respond to the government's motion for the Exclusion Order was obviously a factor in the court's reliance on the erroneous information from the government. Respondent has also not been diligent in seeking relief from the Exclusion Order. As indicated, it was entered in February but respondent did not file his motion for reconsideration until May. Nevertheless, the court does not deem respondent's lack of diligence sufficient grounds to exclude Boone, particularly since the underlying error was the government's.

The other principal basis for the court's exclusion of Boone was the government's contention that her expected testimony is not relevant coupled with respondent's apparent concession of that point by not responding to the motion. Surprisingly, respondent fails to address the relevance of Boone's expected testimony in the instant motion. In its response to the motion, the government again contends that Boone's testimony is irrelevant. The court disagrees.

In his initial disclosures, respondent states that Boone "will testify regarding her emotional support for her son and welcoming him back into the community." (17 Oct. 2011 Ltr. 2). Similarly, in the proposed final prehearing order, respondent states that Boone "will testify about available treatment, support for her son and his reassimilation into the community." (Proposed Final Prehearing Order (D.E. 43) 7). The government's own expert, Jeffrey Davis, Ph.D., in forming his opinion on whether respondent is a sexually dangerous person, considered the effect of community supervision and a release plan which included respondent living with Boone. (*See* Davis Rep. (D.E. 23-1) 38; Supp. Davis Rep. (D.E. 40-1) 14-15). The government cannot credibly object to the relevance of evidence upon which it itself relies.

2

In its response to the instant motion, the government argues that respondent has waived his right to contest the Exclusion Order by not responding to the government's motion for it or seeking relief from it sooner. However, under the circumstances presented, the court elects to exercise its discretion to entertain respondent's motion. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Therefore, as to Boone, the motion for reconsideration is ALLOWED and the Exclusion Order is VACATED. Boone may testify at the commitment hearing on the aforesaid noticed subjects[2] to the extent her appearance is otherwise found to be permissible by the presiding District Judge.

**II.    Schauder**

The Exclusion Order barred the testimony of Schauder on the same grounds as Boone—tardy disclosure and lack of demonstrated relevance. As to tardiness, the parties agree that respondent first identified Schauder as a witness in his counsel's letter to government's counsel dated 30 December 2011. The disclosure thus came 14 days after discovery closed on 16 December 2011. (*See* 14 Sep. 2011 Order (D.E. 31) 2 (extending deadline for respondent's initial disclosures to 17 Oct. 2011); Standing Order No. 10-SO-01 ¶ 3(j) (E.D.N.C. 4 Aug. 2010) (establishing deadline for discovery as 60 days from respondent's initial disclosures)).

---

[2] While the subjects included in the proposed final prehearing order are somewhat broader than those in the initial disclosures, the government asserts no objection on that ground.

Respondent argues that the disclosure was timely because, pursuant to Federal Civil Rule 26(e)(1)(A), it merely supplemented his initial disclosures, which did not name Schauder. The court disagrees. That rule requires that a party supplement or correct his initial disclosures "in a *timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Supplementation to identify a witness for the first time after the close of discovery is manifestly not timely. Indeed, the interpretation advanced by respondent would subvert the discovery process and promote trial by ambush.

Respondent also argues that the disclosure of Schauder was timely because 30 December 2011 was the last day for prehearing disclosures and he therefore complied with this deadline. (*See* Standing Order No. 10-SO-01 ¶ 6 (establishing deadline for prehearing disclosures as 14 days from close of discovery). But the requirement for prehearing disclosures under Rule 26(a)(3) is not a substitute for making complete initial disclosures or timely supplementing them if not complete, as here.

Rule 37(c)(1) provides for the exclusion of evidence at a trial or hearing not timely disclosed pursuant to Rule 26(e), unless the failure to disclose "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court may impose other sanctions in addition to or instead of exclusion of the evidence. *Id.* The provision reads:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

4

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

The Fourth Circuit has held that in exercising its broad discretion under Rule 37(c)(1) to exclude evidence, a district court should be guided by the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors relate mainly to the harmlessness exception to exclusion while the fifth factor relates primarily to the substantial justification exception to exclusion. *Id.* The burden rests on the party facing sanctions, here respondent, to show that his nondisclosure was harmless or substantially justified. *Id.* at 596.

Having argued that his disclosure of Schauder was timely, respondent chose not to address at all the standard for exclusion under Rule 37(c)(1). The government argues that neither the harmlessness prong nor justification prong is satisfied. The court finds that the harmlessness prong is satisfied and does not reach the justification prong as such, although respondent's failure to justify his dilatoriness with respect to Schauder is addressed in the course of the discussion of the harmlessness prong.

5

Turning to the relevant factors, Schauder's appearance as a witness does represent a surprise to the government. As indicated, she was not identified in connection with this case until respondent's final prehearing disclosures. This surprise was compounded by respondent's subsequent failure to respond at all to the government's motion to exclude her and to take any action with respect to the Exclusion Order for 10 weeks after its entry, essentially signaling his acquiescence to her exclusion.[3]

Curative action would appear to be feasible in the form of a deposition of Schauder by the government. There is sufficient time for such a deposition and for the parties to supplement examiner reports, if necessary, based on the deposition testimony because the commitment hearing is not scheduled to begin for over two months, on 30 July 2012 (*see* 25 Apr. 2012 Order (D.E. 48)).

In addition, subject to the conditions provided for herein, the deposition would not unduly burden the government and, in particular, would not disrupt its preparation for the commitment hearing. For example, Schauder's proposed testimony is limited in scope. In his 30 December 2011 letter, respondent's counsel states that Schauder, as a Probation Officer in Flagstaff, Arizona, may testify simply "regarding her experience supervising Native Americans." (30 Dec. 2011 Ltr. 2; *see also* Proposed Final Prehearing Order 7 ("Ms. Schauder has previously supervised Native Americans. If necessary, she will be called to testify regarding her experience supervising Native Americans.")). Respondent is a Native American. (*See, e.g.*, Perkins Rep. (D.E. 26-1) 1).

---

[3] Although Schauder testified at the commitment hearing in another case in this court arising under 18 U.S.C. § 4248, her testimony there is no substitute for adequate disclosure of her as a witness in this case and the opportunity for the government to conduct discovery relating to her in this case. (*See* Hrg. Trans. (D.E. 108) 394:17 to 408:24, *United States v. Antone*, No. 5:07-HC-2042-FL-JG (E.D.N.C.)). Respondent does not argue to the contrary.

6

Further, Schauder's testimony would be solely as a fact witness. The 30 December 2011 disclosure does not identify Schauder as an expert witness, does not meet the requirements for an expert witness disclosure, and therefore discloses Schauder solely as a fact witness. *See* Fed. R. Civ. P. 26(a)(2)(B), (C). Nor does the proposed final prehearing order identify her as an expert witness. Respondent expressly affirms in his motion that he does not offer Schauder as an expert witness. (Mot. 5). In addition, the court can direct that the deposition be wholly at respondent's expense and be held either in Raleigh or by teleconference, at the government's election.

The deposition would not only cure the surprise to the government. It would also help ensure that the presentation of Schauder's testimony would not disrupt the commitment hearing.

The court agrees with respondent that Schauder's expected testimony is relevant to the circumstances under which respondent would live when subject to supervised release and thereby to his sexual dangerousness, much as Boone's expected testimony is. But beyond addressing its relevance, respondent did not discuss the importance of the testimony. Certainly his failure to respond to the government's motion to exclude it and his failure to act promptly after entry of the Exclusion Order suggest that he does not deem Schauder's expected testimony to be important at all. Nevertheless, this testimony appears to have sufficient potential significance to justify allowing it to be presented, particularly in the context of a commitment proceeding.

An additional consideration unique to the litigation in this court arising under § 4248 is the danger that accommodating the type of dilatory approach to witness disclosure exhibited by respondent in this case would establish a precedent that could undermine the orderly administration of other § 4248 cases in this court. This concern is heightened by respondent's failure to offer any justification for his delay in disclosing Schauder and in challenging the Exclusion Order. The court

7

is satisfied, though, that the circumstances relating to Schauder are sufficiently unique to prevent the establishment of such a precedent. These include the availability of an adequate period before the commitment hearing to cure the surprise to the government, the limited scope and non-expert nature of Schauder's testimony, and the ability of the court to impose conditions on the deposition of Schauder that minimize its burden on the government.

The court concludes that the curability of the surprise to the government without placing an undue burden on the government, the absence of any potential disruption to the commitment hearing by presentation of Schauder's testimony, the at-least nominal importance of Schauder's testimony, and the minimal risk of establishing a precedent undermining administration of other § 4248 cases dictate that Schauder's testimony not be excluded.[4] Therefore, as to Schauder, the motion for reconsideration is also ALLOWED and the Exclusion Order is VACATED on the following terms:

1. Subject to respondent's compliance with paragraph 2 below, Schauder may testify at the commitment hearing as a fact witness on the noticed topic to the extent her appearance is otherwise found to be permissible by the presiding District Judge.

2. No later than 15 June 2012, the government may take the deposition of Schauder. Respondent shall be responsible for making Schauder available for deposition by that date in person at the offices of government's counsel or at such other location or by such other means (*e.g.*, telephone, video conference) as are agreeable to the government. Failure by respondent to make

---

[4] The government also contends that Schauder lacks authority to testify because respondent has not demonstrated compliance with subpoena regulations applicable to judicial employees, copies of which are attached to its response (D.E. 56-2). Section 6(b) of these regulations requires the request for testimony to be made at least 15 working days in advance of the time by which the testimony is required. The court is setting the deadline for Schauder's deposition more than 15 working days from entry of this Order to permit compliance with this requirement. The commitment hearing is set sufficiently in the future to readily permit the requisite 15 days notice. This contention by the government is therefore meritless.

Schauder available by 15 June 2012 as specified shall preclude respondent from calling her as a witness at the commitment hearing.

3. Respondent shall be responsible for payment of all expenses reasonably incurred by the government in connection with the deposition provided for herein, including a separate copy of the transcript of the deposition for the government. The government's copy of the transcript shall be prepared on an expedited basis if it so requests.

4. Any supplemental expert reports necessitated by the deposition of Schauder shall be produced and filed no later than 29 June 2012.

5. Any rebuttal expert reports in response to the foregoing supplemental expert reports shall be produced and filed no later than 6 July 2012.

6. A revised joint proposed final prehearing order shall be filed no later than 16 July 2012.

## III. Conclusion

For the foregoing reasons and on the terms specified, respondent's motion for reconsideration (D.E. 53) is ALLOWED and the Exclusion Order (D.E. 46) is VACATED in its entirety.

SO ORDERED, this the 18th day of May 2012.

_____
James E. Gates
United States Magistrate Judge