IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:07-HC-2042-FL |
| | ) | |
| BYRON NEIL ANTONE, | ) | |
| | ) | |
| Respondent. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:07-HC-2072-D |
| | ) | |
| JOSEPH FRANK, | ) | |
| | ) | |
| Respondent. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:07-HC-2131-H |
| | ) | |
| RICHARD JOHN GRIFFIS, | ) | |
| | ) | |
| Respondent. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:09-HC-2163-FL |
| | ) | |
| MICHAEL GREY WHITEROCK, | ) | |
| | ) | |
| Respondent. | ) | |

| | )  | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:10-HC-2158-D |
| | ) | |
| KENDRICK R. DOUGLAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:11-HC-2032-FL |
| | ) | |
| STEVEN G. MARSH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 5:12-HC-2008-BR |
| | ) | |
| VERNON DALE WOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This case comes before the court on the government's motion in each of the above-captioned cases[1] for permission to produce the various experts' forensic evaluations of respondents, which have been filed under seal in these cases, to state officials in accordance with

---

[1] *See United States v. Antone*, No. 5:07-HC-2042-FL (D.E. 130); *United States v. Frank*, No. 5:07-HC-2072-D (D.E. 86); *United States v. Griffis*, No. 5:07-HC-2131-D (D.E. 66); *United States v. Whiterock,* No. 5:09-HC-2163-FL (D.E. 79); *United States v. Douglas*, No. 5:10-HC-2158-D (D.E. 50); *United States v. Marsh*, No. 5:11-HC-2032-FL (D.E. 49); *United States v. Wood*, No. 5:12-HC-2008-BR (D.E. 65).

2

18 U.S.C. § 4248(d) and to United States Probation officials for official law enforcement purposes. With the exception of respondent Marsh, each of the respondents has filed a response in opposition.[2]

## DISCUSSION

Most of the arguments raised by respondents in opposition to the government's motions were disposed of by the court in prior orders. *See United States v. Matherly*, No. 5:06-HC-2205-BR, 2013 WL 3873181 (E.D.N.C. 25 July 2013); *see also United States v. Villegas*, No. 5:07-HC-2113-BR, 2012 WL 2395168 (E.D.N.C. 25 June 2012). The court will not further address those issues here. However, the court will address additional arguments raised by several respondents.

Respondent Wood contends that to enable him to "determine the scope of the government's request" the government should be required to provide more detailed information regarding any intended disclosure to state officials for the purpose of 18 U.S.C. § 4248(d). (Wood Resp. (D.E. 66) 2). However, the scope of the government's request for release of the forensic evaluations is expressly defined by § 4248(d)—namely, to "make all reasonable efforts" to cause the appropriate state(s) "to assume responsibility for [the respondent's] custody, care, and treatment." 18 U.S.C. § 4248(d). This is the only purpose cited by the government for release of the evaluations to state officials and the only purpose for disclosure to state officials that the court will permit. In light of the well-defined reason for the disclosure, Wood has failed to adequately explain how detailed information about the government's efforts, which are mandatory, to cause state officials to assume responsibility for him are pertinent to determination of the government's

---

[2] Memoranda in opposition were filed in the following cases: *Antone* (D.E. 131); *Frank* (D.E. 87); *Griffis* (D.E. 68); *Whiterock* (D.E. 82); *Douglas* (D.E. 51); and *Wood* (D.E. 66). With respect to respondent Marsh, the government represents in its motion that respondent opposes the motion but does not wish to be heard. (*See* Gov.'s Mot. in *Marsh* (D.E. 49) 2-3).

3

motion. For example, while Wood asserts that he should be told which states the government has asked to assume responsibility for him, § 4248(d) expressly provides that such states would be either the state in which a respondent is domiciled or the state in which he was tried. *Id.* The court concludes that Wood's argument is without merit.

Respondent Wood and respondent Douglas argue that, in essence, state officials receiving the forensic evaluations for the purposes of § 4248(d) should not be permitted to use or further disclosure the evaluations for any other purpose. The court believes that it is implicit in the § 4248(d) conferral process that, pending a decision by state officials on whether or not to accept responsibility for a respondent, their use of the evaluations disclosed to them should be limited to making that decision. Nonetheless, there would appear to be no material drawback to making that limitation an express one, and the court will do so.

At the same time, it has not been shown that in the event a state does assume responsibility for a respondent, the state's further use and disclosure of the evaluations should be encumbered by this court, with the exception of the restriction on disclosure to a respondent of material designated "Attorney's Eyes Only" to protect the safety of respondent and others, as provided in paragraph 2 below. Instead, the further use and disclosure of the evaluations would seem more appropriately left to determination under the law generally applicable to the records of persons for whose custody, care, and treatment the state is responsible.

## CONCLUSION

For the foregoing reasons, the government's motions in the above-captioned cases for permission to produce the various experts' forensic evaluations of respondents are ALLOWED IN PART and DENIED IN PART on the following terms:

4

1. The Federal Bureau of Prisons may produce forensic psychiatric or psychological evaluations of the respondent filed under seal in this court (i) to the appropriate official(s) of the state in which the respondent is domiciled or was tried for the purpose of complying with 18 U.S.C. § 4248(d), such evaluations to be accompanied by a written notice that unless and until the officials decide to assume responsibility for the respondent pursuant to U.S.C. § 4248(d) they may use the evaluations solely for the purpose of making such decision, and (ii) to the appropriate United States Probation Office(s) for purposes of coordinating the psychological, psychiatric, and other mental health treatment of respondent while on supervised release and otherwise facilitating the supervision of the respondent in accordance with the terms of such release.

2. Any documents subject to the foregoing paragraph marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order regarding Procedures for Commitments under 18 U.S.C. § 4248, no. 10–SO–01 (E.D.N.C. 4 Aug. 2010) or paragraph 11(f)(i) of this court's Standing Order regarding Procedures for Commitments under 18 U.S.C. § 4248, No. 11-SO-4 (E.D.N.C. 14 Nov. 2011) shall remain subject to the provisions thereof and shall not be shown to the respondent without (i) the consent of counsel for the government or the state assuming responsibility for respondent's custody, care, and treatment, and counsel for the respondent, or (ii) an order of a court of competent jurisdiction.

SO ORDERED, this 12th day of September 2013.

_____
James E. Gates
United States Magistrate Judge