IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2163-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL GREY WHITEROCK, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for discharge hearing[1] (DE 95) and petitioner's motion for discovery and authorization for expert to conduct examination of respondent (DE 99). The motions have been fully briefed and are ripe for ruling. For the reasons stated below, the court grants the motions.

**BACKGROUND**

On July 31, 2012, the court civilly committed respondent as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248. Since that time, respondent has been committed to the custody of the United States Attorney General for sex offender treatment, housed at the Federal Correctional Institution in Butner, North Carolina.

In November and December 2018, respondent arranged for Dr. Joseph Plaud, a clinical psychologist, to evaluate respondent's current sexual dangerousness. Dr. Plaud examined respondent and thereafter authored evaluation report opining respondent no longer meets criteria for

---

[1] The motion is titled "motion for review hearing" but the court refers to it as a motion for discharge hearing for consistency with applicable precedent and the court's prior orders. See United States v. Maclaren, 866 F.3d 212 (4th Cir. 2017).

commitment under § 4248. Based on this report, respondent filed the instant motion for discharge hearing on February 4, 2019, pursuant to 18 U.S.C. § 4247(h).

On February 21, 2019, petitioner filed response to the motion for discharge hearing, stating petitioner does not object to such hearing. That same day, petitioner filed the instant motion for discovery and authorization for expert to conduct examination of respondent ("motion for discovery"). As noted, the motion was fully briefed.

## DISCUSSION

Petitioner requests 90-day period of discovery prior to the discharge hearing. Petitioner seeks to reopen discovery so its retained expert can examine respondent and prepare evaluation report addressing whether respondent currently meets criteria for commitment. Petitioner also intends to conduct discovery related to Dr. Plaud's evaluation, respondent's progress in treatment, and respondent's discharge plans. Respondent objects to reopening discovery. Respondent argues that permitting additional discovery period would "render obsolete the statutory mandate," purportedly set forth in 18 U.S.C. § 4247(h), that respondent may petition for discharge hearings every 180 days. (Resp't's Opp'n (DE 100) at 3-4). Respondent also argues additional discovery is unnecessary where respondent has been in petitioner's custody since August 2012 and petitioner has access to his treatment records and annual forensic evaluations addressing respondent's sexual dangerousness.

The court begins with respondent's argument that permitting prehearing discovery period would violate his right to file motion for discharge hearing every 180 days, which is purportedly "mandated" by § 4247(h). Prehearing discovery period in this case would extend the 180-day interval because a person committed under § 4248 cannot file renewed motion for discharge hearing

2

within 180 days of a court determination regarding his sexual dangerousness. 18 U.S.C. § 4247(h). If the court grants the instant motion for discovery, the court's ruling on respondent's motion for discharge will be delayed and respondent will not be permitted to file another motion for discharge hearing within 180 days of the motion he filed on February 4, 2019.

"[I]n deciding questions of statutory interpretation, [courts begin] with the text of the statute." Othi v. Holder, 734 F.3d 259, 265 (4th Cir. 2013) (internal citations omitted). "Unless Congress indicates otherwise, [courts are to] give statutory terms their ordinary, contemporary, common meaning." Id. (internal quotations omitted). To determine the plain meaning of a statute, courts "not only look to the language itself, but also the specific context in which that language is used, and the broader context of the statute as a whole." Id. (internal quotations omitted). "It is an axiom of statutory construction that courts are obliged to give effect, if possible, to every word used by the legislature." In re Kitchin Equip. Co. of Va., Inc., 960 F.2d 1242, 1247 (4th Cir. 1992) (internal citations omitted).

Here, the statute provides:

> **Discharge.**--Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section . . . 4248 . . . counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government.

18 U.S.C. § 4247(h). Section 4247(h) states respondent may petition the court for discharge hearing "at any time" provided such motion is not filed within 180 days of prior court determination that respondent meets criteria for commitment. See id. The 180-day period thus begins to run on the

date of the most recent court determination finding respondent should be committed, and, during that 180-day period, respondent may not file another motion for discharge hearing. See id. But the statute does not establish a 180-day "review period" or permit respondent to file motion for discharge hearing every 180 days. See United States v. Francis, 686 F.3d 265, 268 (4th Cir. 2012) ("A committed individual may seek periodic review of his confinement [pursuant to § 4247(h)] no sooner than 180 days from the most recent determination by the district court."). Accordingly, the plain language of the statute does not support respondent's position that he is entitled to petition the court for discharge hearing at 180-day intervals.

As to respondent's argument that the requested discovery is unnecessary and duplicative because respondent is in custody at the Federal Bureau of Prisons ("BOP"), the court disagrees. As respondent himself has noted, at the discharge hearing, "the committed person enjoys all of 'the same rights to counsel, to present evidence, and to subpoena and cross-examine witnesses as afforded him at the commitment hearing.'" (Resp't's Mot. for Review Hearing (DE 95) at 2 (citing United States v. Comstock, 627 F.3d 513, 516 (4th Cir. 2010)). At the hearing, the court must determine, based on preponderance of the evidence standard, whether the committed person remains sexually dangerous and subject to commitment. Comstock, 627 F.3d at 516. Accordingly, the discharge hearing is similar to the initial commitment hearing, at which both parties are afforded prehearing discovery.[2] See Standing Order 13-SO-2.

Respondent emphasizes that petitioner has access to respondent's treatment records and annual forensic reports opining respondent meets criteria for commitment. But as petitioner explains, the current treatment records do not address Dr. Plaud's newly-proffered evaluation, and

---

[2]According to petitioner, respondent already has served discovery requests on petitioner in anticipation of the discharge hearing. Respondent cannot credibly argue that he is entitled to serve discovery but petitioner is not.

4

they are not a substitute for prehearing discovery requests or depositions. See Comstock, 627 F.3d at 516 (holding respondent entitled to prehearing discovery prior to discharge hearing); United States v. Antone, No. 5:07-HC-2042-FL, 2011 WL 4747877, at *2 (E.D.N.C. Oct. 7, 2011) ("Conducting what would amount to a discovery deposition [at trial] is hardly the same as conducting cross-examination after a reasonable opportunity for discovery."); see also Birchwood Conservancy v. Webb, No. 5:12-CV-335-KKC, 2014 WL 4302560, at *2 (E.D. Ky. Aug. 29, 2014) ("[T]here can be little doubt that reviewing a prepared report is no substitute for having the opportunity to question a witness and explore his or her opinions in a pre-trial deposition."). Respondent also cites no authority (and the court is aware of none) for his implied assertion that petitioner must use a BOP expert at the discharge hearing. See 18 U.S.C. § 4248(b) (providing court may appoint any qualified psychologist or psychiatrist to examine respondent); see also Standing Order 13-SO-02, ¶ 5(j) (providing petitioner may retain expert pursuant to Fed. R. Civ. P. 26(b)(4)(D) in § 4248 proceeding); United States v. Coyle, No. 5:13-HC-2096-BR, 2013 WL 5508358, at *3 (E.D.N.C. Aug. 23, 2013) ("Thus, the Standing Order [governing § 4248 proceedings in this district] enables both sides to retain experts, have ex parte discussions with them, obtain their opinions, and then seek approval to have them examine the respondent.").

In sum, petitioner seeks discovery concerning how Dr. Plaud arrived at his opinion that respondent no longer is sexually dangerous, intends to hire its own independent expert witness to evaluate whether respondent currently meets criteria for commitment, and plans to depose respondent about his treatment progress and discharge plans. Such discovery is directly relevant to the issue of whether respondent currently meets criteria for commitment, and will inform the court's resolution of the request for discharge. See Maclaren, 866 F.3d at 217 (explaining issue at discharge

5

hearing is whether respondent currently is sexually dangerous to others). Accordingly, petitioner is entitled to prehearing discovery.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion for discharge hearing (DE 95) and petitioner's motion for discovery and authorization for expert to conduct examination of respondent (DE 99), and sets the following schedule:

1) Discovery in this matter is reopened for a period of **90 days** from entry of this order, for the limited purpose of determining whether respondent currently meets criteria for commitment under 18 U.S.C. § 4248. Discovery shall be conducted pursuant to the applicable Federal Rules of Civil Procedure and relevant provisions of Standing Order 13-SO-02, including that, absent preapproval from the court, depositions are limited to expert witnesses and respondent. See Standing Order 13-SO-02 ¶ 9.

2) Petitioner may retain an expert pursuant to 18 U.S.C. § 4248(b) and Standing Order 13-SO-02 to conduct a psychiatric or psychological evaluation of respondent. In the event petitioner retains such expert, the expert's report shall be filed with the court and served on respondent's counsel within **60 days** of entry of this order. The expert's report shall include the information prescribed by 18 U.S.C. § 4247(c), as well as the expert's curriculum vitae or other comparable documentation demonstrating the expert's qualifications. Petitioner's retained expert is allowed to conduct an in-person clinical interview of respondent.

3) Not later than **two weeks** after close of this supplemental discovery period, the parties shall file joint notice of proposed discharge hearing dates signed by counsel.

The notice shall provide at least three sets of dates, which should to the extent practicable be no later than 90 days after the close of discovery, on which counsel, any testifying experts, and any lay persons the parties intend to call as witnesses can be available for discharge hearing.

4) Unless there is a pending motion to compel, the parties shall serve final prehearing disclosures pursuant to Fed. R. Civ. P. 26(a)(3) within **7 days** after the close of discovery and any objections pursuant to Fed. R. Civ. P. 26(a)(3) within **14 days** after the close of discovery. They shall file a joint (or separate) final prehearing order(s) within **21 days** after close of discovery. No final prehearing conference will normally be required unless the parties cannot agree on a final prehearing order or if otherwise ordered by the court.

5) After the parties file their proposed hearings dates, the court will enter order setting the discharge hearing and deadline for filing proposed findings of fact and conclusions of law, typically due approximately ten days before the scheduled hearing. To the extent the parties anticipate evidentiary objections to exhibits before the hearing, the court requests that they address such objections in their proposed findings of fact and conclusions of law, and file such exhibits with the court, under seal if necessary.

SO ORDERED, this the 12th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge